**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Troy Dean HALL, Defendant—Appellant.**

**No. 05–30271.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Submission vacated March 12, 2007.

Resubmitted Sept. 5, 2007.

Filed Sept. 5, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Joseph Fica, Esq., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Leo N. Griffard, Jr., Esq., Boise, ID, for Defendant–Appellant.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Troy Dean Hall pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He received a sentence of 262 months, which he challenges as unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Hall argues that, in determining the Sentencing Guidelines range, the district court erred in relying on an unproven factual assertion, that "the potential amount of meth manufacture was at least ten times the amount required for an offense level 38." However, the Presentence Report, adopted by the district court, included a calculation that showed that 251 kilograms of methamphetamine, an amount at least ten times higher than the 15 kilograms required for an offense level of 38, could potentially have been manufactured using the phosphorus provided by Hall.

We are also not persuaded by Hall's argument that the district court took into account sentencing enhancements that the Government did not prove. Although the court pointed out to Hall that he could have faced a fixed life term for his activities but for the Government's decision not to pursue three sentence enhancements, there is no indication that the court based its sentence on these enhancements. The court made clear that it was the magnitude and severe detrimental impact on the community of Hall's conduct—not the possession of firearms, the creation of a safety hazard by storing the phosphorus, or Hall's potential leadership role—that served as the main basis for its sentence.

Finally, we reject Hall's argument that his sentence is unreasonable because it is "draconian" and a sentence at the lower end of the 210–to–262–month Sentencing Guidelines range would have been sufficient. We conclude that the district court's within-Guidelines sentence was reasonable. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007). In addition, we are satisfied that the district court followed the appropriate procedures; it properly

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We note that we retain jurisdiction in this case despite the fact that Hall's plea agreement contained an appeal waiver. *See United States v. Jacobo Castillo,* 496 F.3d 947 (9th Cir.2007) (en banc) ("[R]egardless of whether a defendant enters into a conditional plea or an unconditional plea, we retain jurisdiction to hear the appeal."). The Government has failed to raise the issue of the agreement's waiver on appeal, and we consider the argument forfeited.

calculated the Guidelines range, gave consideration to each of the relevant § 3553(a) factors, considered the parties' arguments, and provided specific reasons for the sentence. *See Rita,* 127 S.Ct. at 2468–69; *see also United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006); *United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.2006) (affirming a sentence as reasonable where the district court "gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion").

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.